1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| ROBERTO AUGUSTINE FELIX, | ) Case No. CV 11-10353 JCG |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

19        Roberto Augustine Felix ("Plaintiff") challenges the Social Security

20   Commissioner's ("Defendant") decision denying his application for disability

21   benefits.  Specifically, Plaintiff asserts that the Administrative Law Judge ("ALJ")

22   failed to include in his residual functional capacity ("RFC") determination the

23   opinions of certain physicians he purported to accept.  (Joint Stip. at 3-10.)

24   Defendant concedes error, and thus the Court need only determine the remedy – that

25   is, whether to remand this case for further administrative proceedings, or to reverse

26   and direct an immediate award of benefits.  (*See* Joint Stip. at 6.)

27        The decision of whether to reverse or remand is within the court's discretion.

28   *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose

1  would be served by further proceedings, or where the record has been fully

2  developed, it is appropriate to exercise discretion to direct an immediate award of

3  benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).  But where

4  there are outstanding issues that must be resolved before a determination can be

5  made, or it is not clear from the record that the ALJ would be required to find

6  plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.

7  *See id.* at 594.

8          Here, at least two outstanding issues remain.

9          First, the ALJ's error, as even Plaintiff admits, can be interpreted as either an

10  incomplete RFC determination, or a partial rejection of the physician opinions.  (*See

11  Joint Stip. at 3 (stating ALJ improperly "rejected, misstated, and/or omitted"

12  opinions).)  On one hand, the RFC may simply be incomplete because the ALJ

13  omitted the physician opinions, and yet seemingly approved of them, giving one

14  "great weight" and finding another to be "consistent" with his RFC.  (AR at 20.)

15  Alternatively, the omissions may indicate that the opinions were partially rejected

16  because the ALJ – after discussing the substance of each opinion in detail –

17  produced an RFC without ever outwardly accepting each opinion in whole.  The

18  Court finds no reliable indication either way, and will not venture into that terrain on

19  a whim.

20          Second, even if the Court were to revise the RFC to reflect the omitted

21  opinions, the existing testimony of the vocational expert would not be responsive to

22  the new RFC.  Thus, before disability can be determined, the vocational expert must

23  testify anew.  Remand is, therefore, necessary.

24          Accordingly, on remand, the ALJ shall reevaluate the opinions of the treating

25  and examining physicians and either credit them as true, or provide specific and

26  legitimate reasons for any portion that is rejected.  In addition, if necessary, the ALJ

27  shall obtain additional information and clarification regarding Plaintiff's

28  impairments.  On the basis of this information, the ALJ shall then redetermine

2

1   Plaintiff's RFC.

2       Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

3   **REVERSING** the decision of the Commissioner denying benefits and

4   **REMANDING** the matter for further administrative action consistent with this

5   decision.[1]

6

7

8   Dated: August 29, 2012

9

10  _____

11              Hon. Jay C. Gandhi

12          United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

[1]   In light of the Court's remand instructions, it is unnecessary to address
28  Plaintiff's remaining contentions.  (*See* Joint Stip. at 10-14, 17.)

3